IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND GRIFFIN and JOHN HUTCHINGS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>BIG TEN CONFERENCE, and THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | Case No. 1:16-cv-05986<br><br>Judge Ronald A. Guzman |

### JOINT MOTION TO STAY AND REASSIGN

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Civil Rule 40.3(b)(6), Plaintiffs Raymond Griffin and John Hutchings ("Plaintiffs") and Defendant Big Ten Conference ("Big Ten") (collectively, the "Parties")[1] respectfully request that this matter be reassigned as a tag-along action to the consolidated MDL proceedings pending before Judge Lee and, until such reassignment is effectuated, be stayed in the interim. In support of this motion, the Parties state as follows:

1.　　In December 2013, the Judicial Panel on Multidistrict Litigation ("JPML") began transferring and consolidating competing concussion class actions filed against the National Collegiate Athletic Association ("NCAA"). See Dec. 18, 2013 Transfer Order (Dkt. #53), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating one case into the parent case); Dec. 24, 2013 Conditional Transfer Order (Dkt. #55), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally and partially transferring another case); Dec. 30, 2013 Conditional

---

[1]　　Prior to filing this Motion, counsel for Plaintiffs attempted to confer with counsel for Defendant the National Collegiate Athletic Association ("NCAA"), but was unable to obtain the NCAA's position regarding the relief sought.

Transfer Order (Dkt. #57), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating seven (7) additional cases); June 10, 2014 Conditional Transfer Order (Dkt. #64), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); Nov. 12, 2014 Conditional Transfer Order (Dkt. #66), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); see also Nov. 20, 2014 Docket Entry (Dkt. #68), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (finalizing conditional transfers).

3. The cases transferred and consolidated by the JPML are currently pending before the Honorable John Z. Lee in the United States District Court for the Northern District of Illinois. See Jan. 17, 2014 Executive Committee Order (Dkt. #208), Arrington v. NCAA, Case No. 11-cv-06356 (N.D. Ill.) (noting that "the Hon. John Z. Lee is presiding over MDL 2492").

4. On June 28, 2016, the NCAA filed with the JPML a notice of potential tag-along actions, informing the JPML that seven (7) cases share common issues with those the JPML previously transferred and requesting that the seven (7) new cases be transferred to the Northern District of Illinois for consolidation with the MDL proceedings already pending before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

5. The NCAA's June 28, 2016 notice also informed the JPML that three (3) additional cases filed in the Northern District of Illinois (including this action) share common issues with the seven (7) tag-along cases and with the cases the JPML previously transferred and consolidated before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). Because those three (3)

cases (including this action) were filed in the Northern District of Illinois, the Parties agree that those matters are tag-along actions as contemplated by Local Rule 40.3(b)(6) and, therefore, should be reassigned to Judge Lee. See N.D. Ill. L.R. 40.3(b)(6) ("Where a civil case is filed as a potential tag-along action to a multidistrict litigation ("MDL") proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding."); see also Case Management Order No. 1 (Master Dkt. #15), In re NCAA Student-Athlete Concussion Injury Litig., Case No. 1:13-cv-09116 (N.D. Ill.), at 1-2 ("Any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motion or orders."). The three (3) cases (including this action), however, have not yet been reassigned to Judge Lee.

6. On July 6, 2016, the JPML issued a Conditional Transfer Order ("CTO-5") in which it found that the seven (7) tag-along cases identified in the NCAA's June 28, 2016 notice involve questions of fact common to the actions previously transferred to the Northern District of Illinois for consolidation with the matters already pending before Judge Lee. See July 6, 2016 Conditional Transfer Order (Dkt. #71), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). The JPML ordered that the seven (7) tag-along cases be transferred to the Northern District of Illinois and assigned to Judge Lee. See id. On July 14, 2016, CTO-5 became final. See July 14, 2016 Conditional Transfer Order Finalized (Dkt. #73), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

7. In light of the pending and anticipated transfers to Judge Lee (including the anticipated reassignment of this matter), the Parties agree that this matter should be stayed pending completion of the transfers / reassignment. As previously noted, this case shares

common issues with the seven (7) tag-along cases that the JPML recently ordered to be transferred pursuant to CTO-5 and with the cases the JPML previously transferred and consolidated before Judge Lee. As a result, the Parties respectfully submit that this case should be reassigned to Judge Lee pursuant to Local Rule 40.3(b)(6). See N.D. Ill. L.R. 40.3(b)(6).

8. In light of the above, the Parties respectfully submit that good cause exists under Fed. R. Civ. P. 6(b) for the requested temporary stay pending further orders of the Court, that this motion is not brought for purposes of delay, and that the requested stay will not unduly prejudice any party.

WHEREFORE, the Parties respectfully request (i) that this matter be reassigned to the consolidated MDL proceedings pending before Judge Lee, (ii) a temporary stay of all proceedings, and (iii) whatever other relief the Court deems appropriate.

Dated: July 27, 2016

Respectfully submitted,

**RAYMOND GRIFFIN**, individually and on behalf of all others similarly situated,

By: /s/ J. Dominick Larry
    One of Plaintiffs' Attorneys

Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*


**BIG TEN CONFERENCE**

By: /s/ Daniel L. Ring
    Counsel for Defendant Big Ten Conference

        Andrew S. Rosenman
        arosenman@mayerbrown.com
        Daniel Leslie Ring
        dring@mayerbrown.com
        Michael Allen Olsen
        courtnotification@mayerbrown.com
        MAYER BROWN LLP
        71 South Wacker Drive
        Chicago, IL 60606
        (312) 782-0600

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2016, I caused a true and correct copy of the foregoing JOINT MOTION TO STAY AND REASSIGN to be served through ECF notification upon all attorneys of record.

/s/ J. Dominick Larry